UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee on behalf of WAMU Mortgage Pass Through Certificates Series 2005-PR2 Trust,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>    Defendant-Appellant. | No. 17-15036<br><br>**MOTION FOR SUMMARY AFFIRMANCE** |

Pursuant to Ninth Circuit Rule 3-6, plaintiff-appellee Wells Fargo Bank, N.A., as Trustee on behalf of WAMU Mortgage Pass Through Certificates Series 2005-PR2 Trust ("Wells Fargo") moves for summary affirmance of the district court's judgment.

## I. INTRODUCTION

This is a quiet title action involving a foreclosure sale by a Nevada homeowners association. Defendant-appellant SFR Investments Pool 1, LLC ("SFR") was the highest bidder at the sale. At the time of the sale, appellant Wells Fargo held a first deed of trust against the property. SFR claims the deed of trust was extinguished by the sale, while Wells Fargo claims the deed of trust survived. In Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154 (9th Cir.

2016), this Court held that the Nevada statutes governing notice of HOA foreclosure sales facially violate the due process rights of mortgage lenders. Therefore, the Court held, a Nevada HOA foreclosure cannot constitutionally extinguish a first security interest. The district court in this case properly followed Bourne Valley and entered summary judgment for Wells Fargo. Because Bourne Valley directly addresses and defeats SFR's appeal, the Court should summarily affirm the district court's judgment under Ninth Circuit Rule 3-6.

## II. FACTS AND PROCEDURAL BACKGROUND

On February 9, 2005, Anthony V. Roybal borrowed $270,000 from Washington Mutual Bank, FA ("Original Lender"). ECF No. 100-1 at 2.[1] To secure the loan, Roybal executed a Deed of Trust encumbering residential property at 2280 Laramine River Drive, Henderson, Nevada, 89052, APN 178-31-816-096 (the "Property"). ECF No. 100-2. The Deed of Trust was recorded in the Official Records of the Clark County Recorder on February 18, 2005. ECF No. 100-2 at 2. On June 19, 2009, Original Lender's successor-in-interest JPMorgan Chase Bank, National Association assigned the Deed of Trust to Wells Fargo. ECF No. 100-3.

Roybal defaulted on his monthly payments under the loan and on his HOA dues. Both Wells Fargo and the Sunrise Ridge Manor HOA (the "HOA") commenced non-judicial foreclosure proceedings. On April 26, 2013, Nevada

---

[1] ECF citations refer to filings in the district court.

2

Association Services, Inc. conducted a foreclosure sale of the Property on behalf of the HOA (the "HOA Sale"). ECF No. 100-11. SFR submitted the high bid of $18,000 at the HOA Sale. Id. On August 18, 2014, National Default Servicing Corporation, acting as trustee for Wells Fargo, conducted a sale of the Property. ECF No. 100-13. Wells Fargo purchased the Property at the trustee's sale with a credit bid of $248,400. Id.

Wells Fargo sued SFR for a declaration that the HOA Sale did not extinguish the Deed of Trust and that Wells Fargo was the title owner of the Property. ECF No. 79. SFR filed a counterclaim requesting a declaration that it was the owner of the Property and that Wells Fargo had no interest in it. ECF No. 81. After discovery, the parties filed cross-motions for summary judgment. ECF Nos. 99-101. The district court heard the motions, ECF No. 127, and then entered summary judgment for Wells Fargo pursuant to Bourne Valley. A copy of the summary judgment order is attached hereto as Exhibit A. A copy of the resulting judgment is attached as Exhibit B.

### III. ARGUMENT

Pursuant to Ninth Circuit Rule 3-6 and Bourne Valley, Wells Fargo is entitled to summary affirmance. Rule 3-6 states in relevant part:

> At any time prior to the completion of briefing in a civil appeal if the Court determines:

>(a) that clear error or an intervening court decision or recent legislation requires reversal or vacation of the judgment or order appealed from or a remand for additional proceedings; or
>
>(b) that it is manifest that the questions on which the decision in the appeal depends are so insubstantial as not to justify further proceedings the Court may, after affording the parties an opportunity to show cause, issue an appropriate dispositive order.

Summary affirmance is appropriate where, among other things, an appeal is "obviously controlled by precedent[.]" In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing United States v. Hooton, 693 F.2d 857, 858 (9th Cir. 1982)).

Here, SFR's appeal is obviously controlled by Bourne Valley. In Bourne Valley, as in this case, a homeowners association foreclosed against a property encumbered by a first deed of trust. 832 F.3d at 1156. The buyer from the foreclosure sale brought a quiet title action against the holder of the deed of trust and sought a declaration that the sale extinguished the deed of trust. Id. The district court entered summary judgment in favor of the buyer, and the holder of the deed of trust appealed to this Court. Id.

The holder of the deed of trust argued, among other things, that the notice provisions of NRS Chapter 116 were unconstitutional. It claimed these provisions required a holder of a first security interest to "opt in" for notice of a sale, in violation of the Due Process Clause of the Fourteenth Amendment. This Court

4

agreed, holding that the statutes only required giving notice to lenders who specifically requested it. Id. at 1158. The Court rejected the buyer's argument that NRS 116.31168(1) incorporated certain provisions of NRS 107.090 that would have made notice mandatory. Id. at 1159.

The Court further held that this request-notice scheme violated Mennonite Bd. of Missions v. Adams, 462 U.S. 791 (1983). In Mennonite, the Supreme Court held that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." Bourne Valley at 1158 (citing Mennonite, 462 U.S. at 800). The Court adopted the reasoning of Small Engine Shop Inc. v. Cascio, 878 F.2d 883, 884 (5th Cir. 1989), which held that Mennonite prohibited a state from "prospectively shift[ing] the entire burden of ensuring adequate notice to an interested property owner[.]"

Notably, the lender in Bourne Valley received actual notice of the foreclosure sale, but that fact was irrelevant to the Court's analysis of the notice statutes and its ultimate decision to reverse the district court. Bourne Valley at 1157-58.

The HOA Sale in this case was governed by the same exact statutes the Court held unconstitutional in Bourne Valley. A foreclosure sale conducted under

5

these statutes cannot constitutionally extinguish a lender's first security interest. Because Bourne Valley is directly on point, the Court should summarily affirm the district court pursuant to Ninth Circuit Rule 3-6. See Las Vegas Dev. Grp., LLC v. Steven, No. 2:15-cv-01128-RCJ-CWH, 2016 U.S. Dist. LEXIS 168374, at *7 (D. Nev. Dec. 6, 2016) ("The Bourne Valley ruling is enough to settle the quiet title and declaratory judgment claims in favor of [the lender] as a matter of law…The HOA's foreclosure did not extinguish [the lender's deed of trust] against the Property."); Bank of Am., N.A. v. Travata & Montage at Summerlin Centre Homeowners' Ass'n, No. 2:16-cv-00699-GMN-PAL, 2016 U.S. Dist. LEXIS 132375, at *2, 4 (D. Nev. Sep. 27, 2016) (noting that Bourne Valley is "squarely on point" and "likely dispositive of this and the hundreds of other foreclosure cases…").

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court summarily affirm the judgment below pursuant to Ninth Circuit Rule 3-6.

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: August 14, 2017.

        BALLARD SPAHR LLP

        By: /s/ Matthew D. Lamb
          Abran E. Vigil
          Nevada Bar No. 7548
          Matthew D. Lamb
          Nevada Bar No. 12991
          100 N. City Pkwy., Ste. 1750
          Las Vegas, Nevada 89106

        *Attorneys for Appellee*

## **CERTIFICATE OF SERVICE**

I certify that on August 14, 2017 I electronically filed the foregoing *Motion for Summary Affirmance* with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

                                               /s/ Sarah H. Walton
                                               An employee of BALLARD SPAHR LLP