Case No. 17-15036
IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee on behalf of WAMU Mortgage Pass Through Certificates Series 2005- PR2 Trust,<br>   Plaintiffs - Appellees,<br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>   Defendant – Appellant. | **RESPONSE TO MOTION FOR SUMMARY AFFIRMANCE** |

  Appellant, SFR INVESTMENTS POOL 1, LLC ("SFR"), hereby files its Response to WELLS FARGO BANK, N.A., as Trustee on behalf of WAMU Mortgage Pass Through Certificates Series 2005- PR2 Trust's ("Appellee") Motion for Summary Affirmance.

## I.  INTRODUCTION

  This appeal involves the quiet title action of a property SFR purchased at an NRS 116 foreclosure sale. The Bank has taken a hard stance that this Court's recent decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*[1] means that the banks win in all circumstances. But it fails to inform the Court how—after the *Bourne Valley* decision—the many involved parties have been arguing and the District Court judges have been inconsistently ruling on how to apply the decision

---

[1] 832 F.3d 1154, 1156 (9th Cir. 2016).

1

in the aftermath left by *Bourne Valley*. Needless to say, the outcome of the District Court is far from unanimous.

Here, Appellee is blatantly trying to deny SFR's right to file an opening brief. Appellee could have filed this Motion after SFR's opening brief but instead chose to file this motion ahead of the deadline set for SFR's opening brief. The *Bourne Valley* Court failed to provide guidance on how its holding should be applied. The courts are far from unanimous on the issue. Despite the ruling in this case, many District Court Judges have agreed with the legal arguments presented by SFR and, as a result, in those cases, SFR is the Appellee and the bank is the Appellant. *See, e.g., Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC,* Case No. 17-15829; *Deutsche Bank National Trust Co. v. Talesara and Vicanto Homeowners Ass'n, et al*, Case No. 16568; *Bank of America v. Desert Pine Villas HOA*, *et al*., Case No. 17-16570; *Ditech Financial, LLC v. SFR Investments Pool 1, LLC*, Case No. 17-16576. Surely then, SFR's position cannot be so frivolous as to not even warrant briefing.

In light of this, SFR asks this Court to deny this motion and allow full briefing on the issues.

II. <u>ARGUMENT</u>

Summary affirmances "should be confined to appeals obviously controlled by precedent and cases in which the insubstantiality [of the appeal] is manifest from

the face of appellant's brief." *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) quoting *United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982)*(citations omitted)*. Or as stated by Ninth Circuit Rule 3-6

> At any time prior to the completion of briefing in a civil appeal if the Court determines: (b)that it is manifest that the questions on which the decision in the appeal depends are so insubstantial as not to justify further proceedings the Court may, after affording the parties an opportunity to show cause, issue an appropriate dispositive order.

Ninth Circuit Rule 3-6(b). However, "where the outcome is not so clear, such a motion unduly burdens the parties and the court, and ultimately may even delay disposition of the appeal." *Hooton,* 693 F.2d at 858. Therefore, absent a clear error made by the District Court, or a change in intervening law, a motion for summary affirmance is only appropriately made and granted when the nonmoving party's claims on appeal are so frivolous that further briefing is not warranted.

It should be noted, that *In re Thomas* dealt with a vexatious litigant and thus his appeal was subject to pre-filing review. *In re Thomas*, 508 F.3d at 1226. And *Hooton* involved the appellee making their Motion <u>after</u> appellant had filed their opening brief. *Hooton,* 693 F.2d at 859.

SFR does not dispute that *Bourne Valley* is Ninth Circuit precedent. But after *Bourne Valley*, many issues remained unresolved by this Court. The only question answered by *Bourne Valley* was that the notice scheme of NRS 116, as interpreted

by *Bourne Valley*, did not require notice to junior lien holders in a matter that did not offend due process. 832 F.3d. at 1159.

Further, *Bourne Valley* never addressed the issue of actual notice. Instead, the Bank in *Bourne Valley* denied ever receiving notice of the foreclosure. *Id.* at 1157 n. 2. The *Bourne Valley* Court even "note[d] the practical difficulty Wells Fargo or any mortgage lender faces in trying to prove that it did not receive notice." Appellee is plainly wrong in arguing that the reasoning set forth in *Bourne Valley* was in light of the Bank having actual notice of the foreclosure. This alone is reason enough to allow full briefing on the matter.

Most notably the Bourne Valley majority did not address the application of its decision. Instead, it remanded the matter "for proceeding consistent with this opinion." *Id.* at 1160. Thus, the District Courts were tasked with grappling the complex issues that followed such a narrowly focused opinion. Specifically, the Court had been tackling the following issues:

1) Does the statute return to its previous constitutional version which required notice followed by an "as applied" analysis to the facts of each case?

2) Should the severance doctrine be applied, with the offending provisions removed and the cases be resolved under the remaining statute if applicable?

4

3) What happens in cases where banks had actual notice?

4) If the banks were never harmed by the noticing provisions of NRS 116, do the banks have standing to challenge NRS 116 for due process?

5) Does the Nevada Supreme Court's recent precedent in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.,* 133 Nev. \_\_\_, 388 P.3d 970, 975 (2017) affect this Court's interpretation of NRS 116?

6) What happens after the Nevada Supreme Court answers the question certified by the District Court which expressly asked if notice is required to be sent to First Deed of Trust holders under the statute?

The fact that the Bank has filed this Motion before SFR has even had a chance to brief the merits of this case and to answer these above questions for the Court is a blatant attempt to deny briefing to SFR. After all, the Appellee could have filed this same motion after SFR had filed its opening brief, but instead, it filed this motion now.

However, the answers to these questions deserve full briefing, and as will be shown in its opening brief, the outcome of *Bourne Valley* does not result in an obvious *de facto* win for the Bank.

If it were so obvious that the issues surrounding this appeal could be resolved in favor of the appellee then the various District Courts should have all reached similar conclusions. And if the answers to the above questions are so obviously in favor of appellee, a single District Court would not have ruled inconsistently on these issues. *Compare Wells Fargo Bank, N.A. v. Sky Vista Homeowners Ass'n,* No. 3:15-CV-00390-RCJ-VPC, 2017 WL 1364583, at *4 (D Nev. Apr. 13, 2017); *with Las Vegas Development Group LLC v. Steven,* No. 2:15-cv-01128-RCJ-CWH, 2016 WL 7115989 (D. Nev. Dec. 6, 2016). And if the outcome of this appeal is so frivolous and obvious that briefing is not warranted than this surely will be shocking to the District Court Judge who has spent extraordinary amounts of time crafting well-written orders that articulate exactly why the Bank lacks the standing to challenge the lack of due process NRS 116 affords when they receive actual notice. *See, e.g., Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC, et al.,* Case No. 2:14-cv-01875-JCM-GWF, ECF No. 132, at *8 (holding that the bank had actual notice of the association's actions against the property, and therefore, the bank's constitutional grounds for setting aside the sale were unpersuasive); *Wells Fargo Bank, N.A. v. SFR Investments Pool 1, LLC, et al.,* 2:15-cv-00753-JCM-CWH, ECF No. 98, at *6-7 (concluding that "if [the bank] received actual notice of the notice of default or notice of trustee's sale, analysis of [*Bourne Valley*] would not be needed

here" and that the bank "has not suffered a deprivation of due process" because the bank "had actual notice of the looming sale of the property.").

Furthermore, the Nevada Supreme Court has agreed to entertain a certified question request from the District Court. *See SFR v. The Bank of New York Mellon*, Nevada Supreme Court Case No. 72931 (Jun. 13, 2017)(Order Accepting Certified Question). The answer to this question (of whether NRS 116 required notice to lenders such as the Bank via the incorporation of NRS 107.090 into NRS 116) could dramatically shift the landscape of this appeal and make any reliance on *Bourne Valley* without merit.

The reality is that *Bourne Valley* left open more questions than it answered. It did not resolve all the issues and the very respected Judges of the Nevada District Court have toiled and contemplated many aspects of these cases post-*Bourne Valley*. Granting this Motion would not only be a massive injustice to SFR, who would be denied full briefing, but it would be a complete dismissal of the development of the records and arguments at the District Court. SFR's arguments are far from frivolous, and appellee cannot summarily dismiss SFR by merely writing that *Bourne Valley* is dispositive, it is not.

…

…

…

### III. CONCLUSION

Based on the above, SFR requests that this Court deny Appellee's Motion for Summary Affirmance and order full briefing on the issues.

Dated this 24th day of August 2017

**KIM GILBERT EBRON**

*/s/ Jacqueline A. Gilbert*
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-Mail: jackie@kgelegal.com
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139-5974
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorney for Appellant,*
*SFR Investments Pool 1, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on August 24th, 2017, I electronically filed the foregoing **RESPONSE TO MOTION FOR SUMMARY AFFIRMANCE** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated this 24th day of August 2017

    __/s/_ *Zachary Clayton*_____
    Employee of KIM GILBERT EBRON